IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MELVENE KENNEDY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:22-cv-00824-RK |
| | ) |
| JAMES B. NUTTER & CO., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff filed this pro se action against Defendant on December 15, 2022. (Doc. 1.) On December 16, 2022, the Court *sua sponte* transferred this case to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a). (Doc. 3.) Accordingly, the case was electronically transferred to the U.S. District Court for the District of New Jersey on December 16, 2022. On December 19, 2022, Plaintiff filed two pro se motions with this Court: (1) a motion for reconsideration of the Court's transfer order (Doc. 4), and (2) a motion to amend the complaint (Doc. 5). On December 21, 2022, the transferred case was docketed in the U.S. District Court for the District of New Jersey. *Kennedy v. James B. Nutter & Co.*, No. 2:22-cv-07439 (D.N.J.). The December 21 docket entry in Case No. 2:22-cv-07439 (D.N.J.) indicates that the New Jersey district court received the certified copy of the transfer order and docket on that date.

As a general matter, a transferor court loses jurisdiction upon transfer. *In re Flight Transp. Corp. Sec. Litig.*, 764 F.2d 515, 516 (8th Cir. 1985). In *In re Nine Mile Limited*, 673 F.2d 242 (8th Cir. 1982), the Eighth Circuit recognized that the jurisdiction of the transferor court (and by extension the transferor circuit) is lost upon the "physical transfer of the original papers in a case to a permissible transferee forum." *Id.* at 243 (citation and quotation marks omitted); *accord* Wright & Miller, *Federal Practice and Procedure* § 3846 (4th ed. 2022) (generally recognizing that the transferor court loses jurisdiction as to the transferee court when transfer under § 1404(a) is granted "and the papers are lodged with the clerk of the transferee court"). In *Integrated Health Services of Cliff Manor, Inc. v. THCI Co., LLC*, 417 F.3d 953 (8th Cir. 2005), the Eighth Circuit tied the "physical receipt of the file in the transferee court" – as "the event that signals the end of jurisdiction in the transferor court" – to the transferee court's docket notice of receipt of the case file. *Id.* at 957 (holding that because plaintiff's notice of appeal was filed before the transferee

court's notice of receipt was docketed, the Eighth Circuit had jurisdiction to consider the appeal challenging the transferor district court's order denying plaintiff's motion for preliminary injunction prior to granting the defendant's motion to transfer venue). As a result, because Plaintiff's pro se motions were filed before the New Jersey district court's notice of receipt was entered in Case No. 2:22-cv-07439 (D.N.J.), **the Court has jurisdiction to consider the two motions Plaintiff filed in this case.**

First, Plaintiff asks that the Court reconsider the transfer order. (Doc. 4.) The Court declines to reconsider the transfer order for the reasons given in the Court's prior order, primarily the pre-existing identical lawsuit Plaintiff has already filed and is simultaneously pursuing against Defendant in the U.S. District Court for the District of New Jersey,[1] as well as the other § 1404(a) factors. Plaintiff's reconsideration motion is denied.

Second, Plaintiff seeks to amend her complaint to add a factual assertion regarding an alleged May 2022 "loan workout" Defendant proffered to Plaintiff and which Plaintiff accepted. (Doc. 5.) Under the Federal Rules of Civil Procedure, Plaintiff is generally entitled to amend her complaint as a matter of right within 21 days after serving it or within 21 days after service of a responsive pleading or motion under Federal Rule of Civil Procedure 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). It does not appear Plaintiff has served Defendant with the complaint she filed in this case or is otherwise ineligible to amend her complaint as a matter of right without the Court's prior approval. Plaintiff is cautioned that the filing of an amended complaint "renders the original complaint without legal effect." *In re Wireless Telephone Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). To the extent Plaintiff wishes to amend her complaint at this early stage, she should file an amended complaint (and all future filings in this case) in accordance with the Federal Rules of Civil Procedure in *Kennedy v. James B. Nutter & Co.*, Case No. 2:22-cv-07439 (D.N.J.).

Accordingly, the Court **ORDERS** that Plaintiff's pro se motion for reconsideration (Doc. 4) and pro se motion to amend (Doc. 5) are **DENIED without prejudice**.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: December 21, 2022

---

[1] *Kennedy v. James B. Nutter & Co.*, Case No. 2:22-cv-07092-JMV-JSA (D.N.J.)